87 F.Supp. 242 (1949)
COLONIAL AIRLINES, Inc.
v.
ADAMS et al.
Civ. A. No. 3490-49.
United States District Court District of Columbia.
November 16, 1949.
Appeal Dismissed February 6, 1950.
T. Peter Ansberry, of the firm Davies, Richberg, Beebe, Busick & Richardson, Washington, D. C., Stephen J. McMahon, Jr., Washington, D. C., Ernest Cuneo and Leo Gitlin, New York City, for plaintiff.
Emory T. Nunneley, Jr., General Counsel, Civil Aeronautics Board, Washington, D. C., William J. Hickey, Special Assistant to the Attorney General, Department of Justice, Warren L. Sharfman, Attorney, Civil Aeronautics Board, Washington, D. C., for defendants.
Before PROCTOR, Circuit Judge, and GOLDSBOROUGH and MORRIS, District Judges.
Appeal Dismissed February 6, 1950. See 70 S.Ct. 490.
*243 PROCTOR, Circuit Judge, and MORRIS District Judge.
In this case the plaintiff challenges the constitutionality of such parts of Section 402(b) and 801 of the Civil Aeronautics Act of 1938, 49 U.S.C.A. §§ 482(b), 601, as relate to permits to foreign air carriers, and charges that the defendants, who are the members of the Civil Aeronautics Board, have conspired to take such action as will bring about the issuance of a permit to a foreign air carrier to make scheduled flights to and from points in this country, which would issue with the approval of the President. By preliminary injunction the defendants have been restrained from transmitting any recommendation or decision to the President of the United States for his approval, without which the permit cannot issue. In these circumstances, it might seem that the plaintiff should not now be heard to challenge the constitutionality of the Act involved, as the only administrative action which could injure the plaintiff, namely, the actual issuance of the competitive permit, has not yet occurred and cannot occur until the President has exercised a discretion which the statute gives to him. However, as there is no statutory judicial review whatever provided with respect to the administrative action here involved,[1] the Court is of the view that the constitutional question presented should now and here be met and answered.
The majority of the Court is of the view that, as respects the issuance of a permit, the challenged sections of the Act are not repugnant to the Constitution as claimed. It is clear that, before the Board can make recommendations to the President, it must make findings as required by Section 402(b)[2] of the Act. Until the Board has acted, the President cannot approve or disapprove the issuance of the permit. It is, therefore, clear that, considering the two sections together, the Congress has provided certain standards of action by the Board in connection with the issuance of a permit to a foreign carrier. As the subject matter of this delegation of power by the Congress to the Board and the President is that of foreign commerce, we do not believe that further standards are necessary to meet constitutional requirements. U. S. v. Curtis-Wright Export Corp., 299 U.S. 304, 57 S.Ct. 216, 81 L.Ed. 255. While the immediate question involved in the Waterman case[3] was that of the construction of the statute as it relates to judicial review of a domestic carrier seeking a permit to engage in foreign operation, it seems necessarily implicit in what the Court said that the Congress had the right to make the delegation which it did make in this statute. The motion to dismiss the complaint should be granted in so far as it rests upon the claim that the statute is repugnant to the Constitution.
The complaint, in so far as it charges wrongful conduct on the part of the defendants (which allegations are, of course, admitted for the purpose of the *244 motion to dismiss), does not state a cause in which this Court has jurisdiction to grant the relief sought. The power to issue, with the approval of the President, the permit here sought to be restrained is clearly within the power given by the Congress to the Board. We have just held that the Congress may constitutionally grant this power. This Court could not restrain the defendants, who are the only persons authorized by law to act for the government,[4] from exercising that statutory power lawfully given without interfering with the sovereign power of the United States. This cannot be done without the consent of the United States to be sued. Larson v. Domestic and Foreign Commerce Corp., 337 U.S. 682, 69 S.Ct. 1457, and numerous cases cited therein. In this view, the motion to dismiss such parts of the complaint as have not already been disposed of is granted.
GOLDSBOROUGH, District Judge, dissents.
GOLDSBOROUGH, District Judge (dissenting).
The complaint in this case states that the defendants, all of the members of the Civil Aeronautics Board, have entered into a conspiracy to unlawfully grant a permit allowing the Trans-Canada Airlines to maintain a line in competition with the plaintiff. But the Board acts only as a body advisory to the President, as hereinafter explained, so it could not grant the indicated permit. The proceeding, therefore, could probably beconsidered as premature, but the judiciary has no power to question the motives of the Chief Executive in the performance of a statutory duty. That power, under the Constitution, devolves upon the Congress. There seems to be no practical reason, therefore, why the Court should not enquire, at this time, into the constitutionality of the statute at issue in the controversy.
As the permit is one involving exclusively foreign commerce, and as the statute, Civil Aeronautics Act of 1938, as amended, Sec. 402(b), 49 U.S.C.A. § 482 (b) and Sec. 801, 49 U.S.C.A. § 601, under its interpretation by the Supreme Court in the case of Chicago and Southern Air Lines, Inc. v. Waterman Steamship Corp., 333 U.S. 103, 68 S.Ct. 431, 92 L.Ed. 568, delegates plenary congressional power to the executive without any standards, limitations, or statutory controls whatever, does the statute violate Art. 1, Sec. 8 of the constitution, which states "Congress shall have Power * * * To regulate Commerce with foreign Nations," or Art. 1, Sec. 1 of the Constitution, which states "All legislative Powers herein granted shall be vested in a Congress of the United States, which shall consist of a Senate and House of Representatives", or does the statute violate both of the mentioned constitutional provisions? The majority of the Court, by implication, admits the necessity of Standards of Action in the conferring of congressional authority, in saying that standards of action are contained in Sec. 402(b), 49 U.S.C.A. § 482(b), of the Civil Aeronautics Act, overlooking the fact that the Supreme Court says in the Waterman case that Sec. 402(b), 49 U.S. C.A. § 482(b) and Sec. 801, 49 U.S.C.A. § 601, are to be read together, and that when so read the action is not the action of the Civil Aeronautics Board, but the action of the President; that the action of the Board constitutes merely a recommendation to the President which the President can disregard in toto and proceed to act without any standards, limitations or statutory control  that insofar as the provisions of Sec. 402(b), 49 U.S.C.A. § 482(b), and Sec. 801, 49 U.S.C.A. § 601 are concerned, the President is the Congress.
The only reason given by the Supreme Court in holding delegation of Congressional power to the executive as within the ambit of the Constitution has been the reason of necessity. The Supreme Court has never said that a grant of Congressional authority to the executive should not be circumscribed by Congressional policy which would not hamper the executive in the legitimate exercise of congressional *245 authority conferred upon him. Sec. 402(b), 49 U.S.C.A. § 482(b) is as follows: "The Board is empowered to issue such a permit if it finds that such carrier is fit, willing, and able properly to perform such air transportation and to conform to the provisions of this chapter and the rules, regulations, and requirements of the Board hereunder, and that such transportation will be in the public interest."
It is perfectly evident that the standards set out in Sec. 402(b), 49 U.S.C.A. § 482 (b), would not hamper the executive in the legitimate exercise of the Congressional authority conferred upon him. But the Supreme Court, in the Waterman case, says the President is not bound by those standards, or any standards. Therefore there is no escape from the conclusion that Sec. 402(b), 49 U.S.C.A. § 482(b) and Sec. 801, 49 U.S.C.A. § 601 read together and construed as the Supreme Court says they must be, are unconstitutional.
The preliminary injunction should be continued pending action by the Supreme Court upon the appeal which it is presumed will be taken.
To maintain the proper constitutional balance between the Executive, the Legislative, and the Judicial branches of the Government is the enduring and unending obligation of the Federal Judiciary, and this maintenance is the glory of the Republic and the hope of a weary and bewildered world.
NOTES
[1] Sec. 1006 (a) "Any order, affirmative or negative, issued by the Authority [now Civil Aeronautics Board; Reorganization Plan No. IV, 54 Stat. 1235] under this Act, except any order in respect of any foreign air carrier subject to the approval of the President as provided in section 801 of this Act, shall be subject to review by the circuit courts of appeals of the United States or the United States Court of Appeals for the District of Columbia upon petition, filed within sixty days after the entry of such order, by any person disclosing a substantial interest in such order. After the expiration of said sixty days a petition may be filed only by leave of court upon a showing of reasonable grounds for failure to file the petition theretofore." 49 U.S.C.A. § 646(a).
[2] Sec. 402. (b) "The Authority [Board] is empowered to issue such a permit if it finds that such carrier is fit, willing, and able properly to perform such air transportation and to conform to the provisions of this Act and the rules, regulations, and requirements of the Authority [Board] hereunder, and that such transportation will be in the public interest."
[3] Chicago and Southern Air Lines v. Waterman Steamship Co., 333 U.S. 103, 104, 68 S.Ct. 431, 92 L.Ed. 568.
[4] Federal Trade Commission v. Cement Institute, 333 U.S. 683, 68 S.Ct. 793, 92 L.Ed. 1009.